NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—October, 1887.

## MATTER OF JACOBSON.

*In the matter of the application for probate of a pa-
per propounded as the will of* DOROTHEA JACOB-
SON, *deceased.*

Where a substantial portion of a will, as, *e. g.*, the clause appointing an
executor, appears beneath the subscription of the testator, the ques-
tion whether the will is invalid, or such clause surplusage, depends
upon when the latter was inserted.

APPLICATION for probate of decedent's will.

ALBERT BACH, *for proponent.*

LOUIS LEVY, *and* S. J. CROOKS, *for contestants.*

THE SURROGATE.—I am satisfied, by the testimony
submitted in this proceeding, that the paper pro-
pounded for probate as the will of Dorothea Jacobson
was signed by her in the presence of the subscribing
witnesses; that those witnesses severally appended
their names to such paper at her request, and that, in
their presence, she declared it to be her will. It is,
however, contended that probate should be denied be-
cause the signature of the testatrix is not at "the end"
of the instrument, as required by law.

Upon examination of the alleged will, it appears
that the signatures of the witnesses are below the
signature of the decedent, and that, underneath them

all; appear the words : " William Wolff to be executor. Witness Dr. Harris, Mrs. Abrahamson and Mr. Goldberg."   When this was written, or by whom it was written, the testimony does not clearly disclose.   There is no appointment of an executor in the body of the instrument, and if in fact the words above quoted were inserted before execution, they must be considered as a part of a pretended testamentary paper, which is invalid for the reason insisted upon by the contestant's counsel.   If, on the other hand, the words in question were not upon the paper at the time it was signed and published, its validity has not been destroyed by their subsequent insertion.

Further evidence may be offered in this regard, before the final determination of this controversy.